E-FILED
2/7/2020 11:04 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV363241
Reviewed By: P. Lai

Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Sara B. Tosdal (SBN 280322)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901

Attorneys for Plaintiff JULIE SAMORA
individually and on behalf of others similarly
situated and aggrieved

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| JULIE SAMORA individually and on behalf of others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>CHASE DENNIS EMERGENCY MEDICAL GROUP, INC., a California corporation; TEAM HEALTH HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 20CV363241<br><br>**COMPLEX – CLASS & REPRESENTATIVE ACTION**<br><br>1. Failure to Pay Minimum Wages<br>2. Failure to Pay Overtime Wages<br>3. Failure to Provide Required Meal Periods<br>4. Failure to Provide Required Rest Periods<br>5. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Wage Statements<br>8. Failure to Timely Pay Wages During Employment<br>9. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>10. Unfair and Unlawful Business Practices<br>11. Enforcement Action Pursuant to the Private Attorneys General Act of 2004<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OFACTION

1. Plaintiff JULIE SAMORA ("PLAINTIFF"), brings this class and representative action case on behalf of herself and all other similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for Defendant CHASE DENNIS EMERGENCY MEDICAL GROUP, INC., a California corporation; Defendant TEAM HEALTH HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices during the relevant statutory periods, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2. The Superior Court of the State of California has jurisdiction in this matter because, at all relevant times, PLAINTIFF was and is a resident of the State of California. PLAINTIFF is informed and believes that the DEFENDANTS are qualified to do, and actually conduct, business in the State of California. Furthermore, no federal question is at issue because PLAINTIFF'S claims are based solely on California law.

3. Venue is proper in this judicial district and the County of Santa Clara, California because PLAINTIFF and persons similarly situated and aggrieved performed work for DEFENDANTS in the County of Santa Clara, DEFENDANTS maintain offices and facilities and/or transact business in the County of Santa Clara, and because DEFENDANTS illegal payroll policies and practices, which are the subject of this action, were applied to PLAINTIFF and other persons similarly situated and aggrieved, in the County of Santa Clara.

## PLAINTIFF AND CLASS MEMBERS

4. PLAINTIFF, at all time relevant to this action, was a resident of the State of California and an employee of DEFENDANT. DEFENDANTS employed PLAINTIFF from around January 2018 to around March 2019 in San Jose, California. PLAINTIFF worked for DEFENDANTS at Valley Health Center Downtown & East Valley Urgent Care ("Valley Health").

5. PLAINTIFF, on behalf of herself and other similarly situated and aggrieved current and

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

former non-exempt employees of DEFENDANTS in the State of California at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, bring this class and representative action to recover, among other things: wages and penalties from unpaid wages earned and due including, but not limited to, unpaid minimum wages, unpaid and illegally calculated overtime compensation, unpaid meal period and rest period premium payments, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, for failure to maintain required records, failure to furnish accurate itemized wage statements, failure to timely pay wages during employment, failure to pay all wages due to discharged and quitting employees, and interest, attorneys' fees, costs, and expenses based thereon.

6. PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and until the time it settles or proceeds to final judgment (the "CLASS PERIOD").

7. PLAINTIFF reserves the right to name additional class representatives and/or representative under the California Private Attorneys General Act of 2004 ("PAGA").

**DEFENDANTS**

8. PLAINTIFF is informed and believes, and thereon alleges, that Defendant CHASE DENNIS EMERGENCY MEDICAL GROUP, INC ("DEFENDANT CDEMG") is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, DEFENDANT CDEMG conducts and did conduct business in California, and is registered with the California Secretary of State's office under file number C1999734.

9. PLAINTIFF is informed and believes, and thereon alleges, that Defendant TEAM HEALTH HOLDINGS, INC. ("DEFENDANT TEAM HEALTH") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT TEAM HEALTH conducts business in the State of California. Specifically, DEFENDANT TEAM HEALTH conducts and did conduct business in the County of Santa Clara.

10. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

11. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, at all times relevant to this action, committed acts and omissions in concert with each other. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant hereto, DEFENDANTS were the joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters, related entities, co-conspirators, agents, partners, joint venturers, servants, joint enterprisers, and/or guarantors, actual or ostensible, of each other. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS was completely dominated by his, her or its co-defendant and had authority, actual or ostensible, to perform the actions alleged herein, unless alleged otherwise.

12. PLAINTIFF is informed and believes, and thereon alleges, that to the extent that certain actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS condoned, authorized, and ratified such acts and omissions. Accordingly, whenever PLAINTIFF alleges that any of the DEFENDANTS or DEFENDANTS employees or agents, committed an act or omission, PLAINTIFF attributes such allegations to each of the DEFENDANTS individually, jointly, and severally. PLAINTIFF further attributes such allegations to each DEFENDANTS employees and agents because they acted on behalf of DEFENDANTS within the course and scope of their employment and agency.

13. As a direct and proximate result of DEFENDANTS unlawful actions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

\\

\\

\\

## FACTUAL ALLEGATIONS

14. PLAINTIFF worked for DEFENDANTS as a full-time Physician's Assistant ("PA") from approximately January 1, 2018 to around March 11, 2019. PLAINTIFF was an hourly, non-exempt employee.

15. At all relevant times, PLAINTIFF worked as a PA at DEFENDANTS' location in San Jose, California, specifically at Valley Health.

16. PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees were denied meal and rest breaks as required by California law. PLAINTIFF and others similarly situated and aggrieved were denied timely meal and rest breaks, were not relieved of duties during breaks, were not provided full, uninterrupted breaks, and/or were denied breaks entirely. PLAINTIFF and others similarly situated were not compensated with the premium pay required for missed meal and rest breaks.

17. PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees did not receive full payment when they worked more than eight (8) hours per day or forty (40) hours per week, as required by California law governing overtime pay.

18. PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees were also required to work without pay, including attending mandatory training sessions without pay or reimbursement.

19. Additionally, PLAINTIFF and other similarly situated and aggrieved hourly, non-exempt employees were required, at their own expense, to use their personal cell phones and vehicles in order to perform their jobs for DEFENDANTS. These expenditures or losses were necessarily incurred by PLAINTIFF and others similarly situated and aggrieved "in the direct consequence or discharge of [their] duties, or of [their] obedience to the directions of DEFENDANTS." Cal. Lab. Code § 2802 (West 2019). DEFENDANTS did not reimburse PLAINTIFF or other similarly situated and aggrieved hourly, non-exempt employees for these expenses that they incurred.

## CLASS ACTION ALLEGATIONS

20. This action is appropriately suited for a Class Action because:

   a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 4 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

  b. This action involves common questions of law and fact with respect to the potential class because the action focuses on DEFENDANTS systematic course of illegal payroll practices and policies, which were applied to all non-exempt employees in violation of the California Labor Code, the applicable Industrial Welfare Commission ("IWC") Wage Order, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations.

  c. PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because DEFENDANTS subjected all non-exempt employees to identical violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

  d. PLAINTIFF is able to fairly and adequately protect the interests of all CLASS MEMBERS because it is in PLAINTIFF'S best interest to prosecute the claims alleged herein to obtain full compensation due to PLAINTIFF and CLASS MEMBERS for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wages

**[Cal. Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order Nos. 4-2001, § 4]**

**(Against all DEFENDANTS)**

21. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

22. Pursuant to California Labor Code §§ 1182.12, 1198 and IWC Wage Order Nos. 4-2001, § 4, California has fixed minimum wage rates and has required employers in California to pay their employees no less than the minimum for all hours worked in the payroll period. Furthermore, California Labor Code § 1197 has provided that minimum wages for employees fixed by the IWC or by state law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

23. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 1182.12, 1198 and IWC Wage Order Nos. 4-2001, § 4. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering

PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

24. DEFENDANTS conduct described herein violates California Labor Code §§ 1182.12, 1198 and IWC Wage Order No. 4-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code § 1194 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]

**(Against all DEFENDANTS)**

25. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

26. Pursuant to California Labor Code §§ 510, 1198 and IWC Wage Order No. 4-2001, § 3, California has required employers to pay their employees at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

27. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1198 and IWC Wage Order No. 4-2001, § 3. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work

off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and by other methods to be discovered.

28. In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

29. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 4-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 4-2001, § 11]**

**(Against all DEFENDANTS)**

30. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

31. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order No. 4-2001, § 11.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 7 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

32. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

33. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 4-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

34. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Provide Required Rest Periods

[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 12]

(Against all DEFENDANTS)

35. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

36. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4-2001, § 12.

37. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

38. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

\\

\\

## FIFTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

39. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

40. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

41. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANT, including, but not limited to, expenses for cell phone use and other employment-related expenses, in violation of California Labor Code § 2802.

42. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## SIXTH CAUSE OF ACTION

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

43. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

44. During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 9 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

45. During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

46. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

47. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

48. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 4-2001, § 7, including, but not limited to, the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

49. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 10 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

### EIGHTH CAUSE OF ACTION

**Failure to Pay Timely Wages During Employment**

[Cal. Labor Code § 204]

(Against All DEFENDANTS)

50. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

51. Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

52. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

53. Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

54. DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 11 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## NINTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

55. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

56. Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

57. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

58. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

59. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

60. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

61. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CA 90266

- 12 -
CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT

## TENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]**

**(Against all DEFENDANTS)**

62. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

63. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including, but not limited to, DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code §§ 17200, *et seq*.

64. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF, CLASS MEMBERS and the general public.

65. DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

66. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

67. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court.

## ELEVENTH CAUSE OF ACTION

### Enforcement Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against all DEFENDANTS)

68. PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

69. PLAINTIFF is an "aggrieved employees" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANTS and alleged violations of the California Labor Code were committed against PLAINTIFF.

70. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*, PLAINTIFF seeks to recover civil penalties, including, but not limited to, penalties under California Labor Code §§ 2699, 210, 225.5, 226.3, 1174.5, 1197.1, 1199, and IWC Wage Order No. 4-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including, but not limited to, violations of California Labor Code §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, 2802 and any other provisions that may be brought upon the allegations in this complaint. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

71. Pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice by online filing with the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders PLAINTIFF alleges DEFENDANTS have been violated along with the facts and theories supporting the

alleged violations. PLAINTIFF'S notice to the LWDA was accompanied by PLAINTIFF'S payment of $75.00 filing fee. Because the LWDA did not provide PLAINTIFF with notice of its intent to investigate the alleged violations in the 65 calendar days that have lapsed, PLAINTIFF have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action against DEFENDANTS on behalf of herself and other similarly aggrieved employees of DEFENDANT. Therefore, PLAINTIFF have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated and aggrieved, respectfully prays for relief against DEFENDANT and DOES 1 through 50, inclusive, and each of them, as follows:

1.  For compensatory damages in an amount to be ascertained at trial;
2.  For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANT;
3.  For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;
4.  For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;
5.  For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;
6.  For waiting time penalties pursuant to California Labor Code § 203;
7.  For statutory and civil penalties according to proof, including, but not limited to, all penalties authorized by the California Labor Code §§ 226(e) and 2699;
8.  For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;
9.  For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees

and costs;

10. For declaratory relief;

11. For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

12. For an order appointing PLAINTIFF as a class representative and PLAINTIFF'S counsel as class counsel; and

13. For such further relief that the Court may deem just and proper.

DATED: February 7, 2020

Respectfully Submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
SARA B. TOSDAL

Attorneys for Plaintiff JULIE SAMORA individually and on behalf of others similarly situated and aggrieved

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED: February 7, 2020

Respectfully Submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
SARA B. TOSDAL

Attorneys for Plaintiff JULIE SAMORA individually and on behalf of others similarly situated and aggrieved