**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 226712)
Email: jboxer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

**MATERN LAW GROUP, PC**
Sara B. Tosdal (SBN 280322)
Email: stosdal@maternlawgroup.com
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile:  (310) 531-1901

Attorneys for PLAINTIFF
JULIE SAMORA, individually and on
behalf of others similarly situated and
aggrieved

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SAMORA, individually, and on behalf of others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE DENNIS EMERGENCY MEDICAL GROUP, INC., a California Corporation; TEAM HEALTH HOLDINGS, LLC, a Delaware corporation,<br><br>Defendants. | CASE NO.: 5:20-cv-02027-BLF<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Overtime Wages;<br>3. Failure to Provide Required Meal Periods;<br>4. Failure to Provide Required Rest Periods;<br>5. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties;<br>6. Failure to Maintain Required Records;<br>7. Failure to Furnish Accurate Itemized Wage Statements ;<br>8. Failure to Timely Pay Wages During Employment;<br>9. Failure to Pay All Wages Due to Discharged and Quitting Employees;<br>10. Unfair and Unlawful Business Practices;<br>11. Enforcement Action Pursuant to the Private Attorneys General Act of 2004<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

**NATURE OF ACTION**

1.      Plaintiff JULIE SAMORA ("PLAINTIFF"), brings this class and representative action on behalf of herself and all other similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for Defendant CHASE DENNIS EMERGENCY MEDICAL GROUP, INC. ("DEFENDANT CDEMG"), a California corporation; Defendant TEAM HEALTH HOLDINGS, INC. ("DEFENDANT TEAM HEALTH"), a Delaware corporation; and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices during the relevant statutory periods, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

**JURISDICTION AND VENUE**

2.      PLAINTIFF originally filed this action in the Superior Court of the State of California, County of Santa Clara, because Plaintiff is a resident of the State of California, the unlawful conduct occurred in the State of California, and DEFENDANTS are qualified to do business and regularly conduct business in California. Further, no federal jurisdiction is at issue because the claims are based solely on California law.

3.      DEFENDANTS removed this action to the United states District Court for the Northern District of California, San Jose Division, alleging diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.      Venue is proper in this judicial district, and the County of Santa Clara, California because, PLAINTIFF and persons similarly situated and aggrieved performed work for DEFENDANTS in the County of Santa Clara, DEFENDANTS maintain offices and facilities and/or transact business in the County of Santa Clara, and because DEFENDANTS illegal payroll policies and practices, which are the subject of this action, were applied to PLAINTIFF and other persons similarly situated and aggrieved, in the County of Santa Clara.

**PLAINTIFF AND SIMILARLY SITUATED AND AGGRIEVED EMPLOYEES**

5.      PLAINTIFF, at all times relevant to this action, was a resident of the State of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

California and an employee of DEFENDANT. DEFENDANTS employed PLAINTIFF from around January 2018 to around March 2019 in San Jose, California. PLAINTIFF worked for DEFENDANTS at Valley Health Center Downtown & East Valley Urgent Care ("Valley Health").

6.      PLAINTIFF, on behalf of herself and other similarly situated and aggrieved current and former non-exempt employees who worked for DEFENDANTS in the State of California at any time during the four (4) years preceding the filing of this action, and continuing while this action is pending, brings this class and representative action to recover, among other things: wages and penalties from unpaid wages earned and due including, but not limited to, unpaid minimum wages, unpaid and illegally calculated overtime compensation, unpaid meal period and rest period premium payments, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, for failure to maintain required records, failure to furnish accurate itemized wage statements, failure to timely pay wages during employment, failure to pay all wages due to discharged and quitting employees, and interest, attorneys' fees, costs, and expenses based thereon.

7.      PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and until the time it settles or proceeds to final judgment (the "CLASS PERIOD").

8.      PLAINTIFF reserves the right to name additional class representatives and/or representative under the California Private Attorneys General Act of 2004 ("PAGA").

**DEFENDANTS**

9.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT CDEMG is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California.  PLAINTIFF is further informed and believes, and thereon alleges, DEFENDANT CDEMG conducts and did conduct business in California, and is registered with the California Secretary of State's office under file number C1999734.

10.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

TEAM HEALTH is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT TEAM HEALTH conducts business in the State of California. Specifically, DEFENDANT TEAM HEALTH conducts and did conduct business in the County of Santa Clara.

11.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, at all times relevant to this action, committed acts and omissions in concert with each other. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant hereto, DEFENDANTS were the joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters, related entities, co-conspirators, agents, partners, joint venturers, servants, joint enterprisers, and/or guarantors, actual or ostensible, of each other. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS was completely dominated by his, her or its co-defendant and had authority, actual or ostensible, to perform the actions alleged herein, unless alleged otherwise.

13.    PLAINTIFF is informed and believes, and thereon alleges, that to the extent that certain actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS condoned, authorized, and ratified such acts and omissions. Accordingly, whenever PLAINTIFF alleges that any of the DEFENDANTS or DEFENDANTS employees or agents, committed an act or omission, PLAINTIFF attributes such allegations to each of the DEFENDANTS individually, jointly, and severally. PLAINTIFF further attributes such allegations to each DEFENDANTS employees and agents because they acted on behalf of DEFENDANTS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

within the course and scope of their employment and agency.

14.   As a direct and proximate result of DEFENDANTS unlawful actions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

15.   PLAINTIFF incorporates all factual allegations set forth above as if fully set forth herein.

16.   From approximately January 1, 2018 to around March 11, 2019, PLAINTIFF worked at Physician's Assistant ("PA") at Valley Health in San Jose, California. PLAINTIFF was an hourly, non-exempt employee.

17.   On information and belief, during the relevant time period, DEFENDANTS had, and continue to have, contracts to provide employees, such as PLAINTIFF, to various medical facilities throughout the State of California.

18.   DEFENDANTS recruited PLAINTIFF to work as a PA at Valley Health, ultimately hiring and employing her for the time period and at the location described above. DEFENDANTS initially assigned PLAINTIFF to work twelve (12) shifts per month. Each shift was scheduled for 10.5 hours.

19.   During PLAINTIFF's employment with DEFENDANTS, PLAINTIFF was denied meal and rest breaks as required by California law. PLAINTIFF was not fully relieved of her duties for breaks, and missed breaks due to her employers' demands. For example, PLAINTIFF's patient schedule was set by County employees at the Valley Health location. Patients were scheduled back-to-back throughout the day, and PLAINTIFF was required to see patients as scheduled, even when a treatment took longer than scheduled or if a patient was running late. PLAINTIFF therefore had to continue working even when it became time for a meal or rest break. PLAINTIFF was not able to find coverage for patients in order for them to take breaks.  Consequently, PLAINTIFF was forced to take late meal and/or rest breaks, if any, because of urgent business demands.

20.   Similarly, because of the nature of the urgent care work provided at the facility, PLAINTIFF was also denied full meal and rest breaks, being required to take a shorter break than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

lawfully required. If PLAINTIFF was able to find a time for a break in the schedule, PLAINTIFF would either have to cut the break short to maintain the patient schedule or work through the break to ensure taking a later break or not working later than the scheduled shift.[1]  PLAINTIFF and CLASS MEMBERS were not fully compensated or provided with the premium pay required for missed, short, or late meal and rest breaks.

21.     Additionally, even though PLAINTIFF was scheduled for 10.5-hour shifts, PLAINTIFF was never afforded a second meal break when working more than ten (10) hours per day.

22.     PLAINTIFF often worked more than eight (8) hours per day or forty (40) hours per week. For example, PLAINTIFF was contracted to work 10.5-hour shifts at Valley Health. However, PLAINTIFF frequently worked longer hours in order to complete her work with patients or other necessary job duties, such as charting, and was not paid for this time working. For example, PLAINTIFF was required by Valley Health, with whom DEFENDANTS contracted, to complete patient charting within 2-3 days in order for Valley Health to bill for treatments. Because this was impossible to accomplish for all patients within any given scheduled shift, PLAINTIFF had to work more hours than scheduled in order to complete these job duties. At one point, PLAINTIFF worked late every scheduled shift for the first month-and-a-half without being fully compensated for this time. As a consequence of this, PLAINTIFF and CLASS MEMBERS were denied full compensation for hours worked, both for time worked with no payment at all and for overtime hours worked but not properly paid.

23.     PLAINTIFF and CLASS MEMBERS were also required to work without pay, including, for example, attending mandatory training sessions.  Likewise, PLAINTIFF and CLASS MEMBERS were not reimbursed for necessarily incurred business expenses.  This included personal cell phones, vehicles, and laptops used in order to perform their jobs for DEFENDANTS, including without limitation, communicating with supervisors or managers about scheduling, work assignments, patients, attending training, and completing patient charting. These expenditures or

---

[1] PLAINTIFF asked Nursing Managers about getting compliant meal and rest breaks, but was denied them.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

losses were necessarily incurred by PLAINTIFF and others similarly situated and aggrieved "in the direct consequence or discharge of [their] duties, or of [their] obedience to the directions of DEFENDANTS." Cal. Lab. Code § 2802 (West 2020). DEFENDANTS did not reimburse PLAINTIFF or other similarly situated and aggrieved hourly, non-exempt employees for these expenses that they incurred.

24.     PLAINTIFF and CLASS MEMBERS were not paid their fully wages timely during their employment due to DEFENDANTS conduct as described herein, including requiring PLAINTIFF and CLASS MEMBERS to work off-the-clock, miss meal or rest breaks, and consequently not properly documenting the hours actually worked.

25.     Moreover, DEFENDANTS did not pay PLAINTIFF and CLASS MEMBERS full compensation upon separation of employment, as PLAINTIFF was not fully and timely paid for training time, off-the-clock work, missed meal and rest breaks, and reimbursements, as described herein.

## CLASS ACTION ALLEGATIONS

26.     PLAINTIFF incorporates all factual allegations set forth above as if fully set forth herein.

27.     PLAINTIFF brings a statewide class action on behalf of herself and all other similarly situated members of the Class who have been similarly deprived of rights under California wage-and-hour laws. The Class that PLAINTIFF seeks to represent is composed of and defined as:

> All persons who have been employed by DEFENDANTS in the State of California as hourly, non-exempt employees during the period commencing four (4) years prior to the filing of the initial Complaint through trial in this action.

28.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 and/or California Code of Civil Procedure § 382 because there is a well-defined community of interest in this litigation, the proposed class is easily ascertainable, and PLAINTIFF is a proper representative of the Class.

a.     Numerosity: The potential CLASS MEMBERS are so numerous that their individual joinder in a single action is impossible and/or impracticable. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS has

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

employed numerous individuals in California who fall within the Class and whose identities may be ascertained from DEFENDANTS' records.

b.  <u>Commonality and Predominance of Common Questions</u>: The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation, the following:

   i.  Whether CLASS MEMBERS are entitled to the protections of various provisions of the California Labor Code as detailed herein;

   ii.  Whether DEFENDANTS violated provisions of the California Labor Code as detailed herein;

   iii.  Whether DEFENDANTS' actions constituted and constitute violations of California's Unfair Competition Law;

   iv.  Whether CLASS MEMBERS are entitled to relief as a matter of law; and

   v.  Whether DEFENDANTS must pay civil penalties for their violations of the California Labor Code as described herein.

c.  <u>Typicality</u>: PLAINTIFF's claims are typical of the claims of the CLASS MEMBERS. PLAINTIFF shares the same interests as other CLASS MEMBERS because she, like other class members, have been deprived of their legal rights under California law; have been subjected to DEFENDANTS' unlawful policies, practices, or procedures; and have suffered damages from the unlawful conduct. Given the significance of the deprivation of her rights, PLAINTIFF has the incentive, and is committed to vigorously prosecuting this action.

d.  <u>Adequacy of Representation</u>: PLAINTIFF will fairly and adequately represent the interests of the CLASS MEMBERS. PLAINTIFF does not have any conflicts of interest with other CLASS MEMBERS and will prosecute the case vigorously on behalf of the Class. PLAINTIFF has retained competent and experienced counsel who specialize in class action and employment litigation to represent herself and the

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

proposed Class.

e.  Superiority of Class Action: A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impracticable CLASS MEMBERS to seek redress individual for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Failure to Pay Minimum Wages

### [Cal. Lab. Code §§ 1182.12, 1197, 1198 and IWC Wage Order Nos. 4-2001, § 4]

### (Against all DEFENDANTS)

29.  PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

30.  Pursuant to California Labor Code §§ 1182.12, 1198 and IWC Wage Order Nos. 4-2001, § 4, California has fixed minimum wage rates and has required employers in California to pay their employees no less than the minimum for all hours worked in the payroll period. Furthermore, California Labor Code § 1197 has provided that minimum wages for employees fixed by the IWC or by state law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

31.  PLAINTIFF and CLASS MEMBERS often worked more than eight (8) hours per day or forty (40) hours per week for DEFENDANTS. Each shift that PLAINTIFF was scheduled for was 10.5 hours long. However, DEFENDANTS did not compensate for all hours worked, as PLAINTIFF and CLASS MEMBERS performed work without compensation. For example, PLAINTIFF and CLASS MEMBERS often worked more hours than the scheduled shift in order to meet the demands and expectations of their jobs, including completing patient charting which was not possible to complete during the hours set for shifts because of patient scheduling. At one point in time, PLAINTIFF, for her part, worked late every shift without pay in order to complete

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

patient charting. However, she was not paid for the additional hours worked, and therefore was forced to work off the clock. Furthermore, DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS for work done during missed, shortened, or interrupted meal and rest breaks, including second meal breaks which were not provided at all. Additionally, PLAINTIFF and CLASS MEMBERS were required to attend mandatory trainings, but were not paid for time spent attending those trainings.

32.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226.7, 1182.12, 1194, 1197, 1198 and IWC Wage Order Nos. 4-2001, § 4. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and by other means to be discovered.

33.    DEFENDANTS conduct described herein violates California Labor Code §§ 1182.12, 1198 and IWC Wage Order No. 4-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code § 1194 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Wages

**[Cal. Lab. Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]**

**(Against all DEFENDANTS)**

34.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

35.    Pursuant to California Labor Code §§ 510, 1198 and IWC Wage Order No. 4-2001, § 3, California has required employers to pay their employees at one and one-half (1 ½) times the

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

36.     PLAINTIFF and CLASS MEMBERS often worked more than eight (8) hours per day or forty (40) hours per week for DEFENDANTS. Each shift that PLAINTIFF was scheduled for was 10.5 hours long. However, DEFENDANTS did not compensate for all hours worked, as PLAINTIFF and CLASS MEMBERS performed work without compensation. For example, PLAINTIFF and CLASS MEMBERS often worked more hours than the scheduled shift in order to meet the demands and expectations of their jobs, including completing patient charting which was not possible to complete during the hours set for shifts because of patient scheduling. At one point in time, PLAINTIFF, for her part, worked late every shift without pay in order to complete patient charting. However, she was not paid for the additional hours worked, and therefore was forced to work off the clock. Furthermore, DEFENDANTS did not compensate PLAINTIFF and CLASS MEMBERS for work done during missed, shortened, or interrupted meal and rest breaks, including second meal breaks which were not provided at all. Additionally, PLAINTIFF and CLASS MEMBERS were required to attend mandatory trainings, but were not paid for time spent attending those trainings.

37.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1198 and IWC Wage Order No. 4-2001, § 3. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; and by other methods to be discovered.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

38.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

39.     DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 4-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### THIRD CLAIM FOR RELIEF

**Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7, 512; IWC Wage Order No. 4-2001, § 11]**

**(Against all DEFENDANTS)**

40.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

41.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS had, and continue to have, a policy or practice of failing to provide PLAINTIFF and CLASS MEMBERS full and timely meal periods as required by California Labor Code §§ 226.7, 512 and IWC Wage Order No. 4-2001, § 11. PLAINTIFF and CLASS MEMBERS were not fully relieved of duties, being required to work into their meal periods to fulfill their job duties with patients for example, being required to skip meal periods in order to meet patient scheduling demands, or similarly, having to take an interrupted meal period when they were called back to their job when assistance was needed or when a patient was scheduled—even if it shortened their break. Additionally, at times, PLAINTIFF would work through whatever break she might have in order to meet scheduling

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

1   and patient-charting demands.

2      42.    Furthermore, during the CLASS PERIOD, DEFENDANTS had, and continue to

3   have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS second meal

4   periods on shifts over ten (10) hours. For example, each shift PLAINTIFF had was scheduled for

5   10.5 hours; yet she never received a second meal break as required by California law.

6      43.    DEFENDANTS further violated California Labor Code §§ 226.7, 512 and IWC

7   Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who

8   were not provided with a meal period, in accordance with the applicable wage order, one additional

9   hour of compensation at each employee's regular rate of pay for each workday that a meal period

10  was not provided.

11     44.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF

12  and CLASS MEMBERS regularly were, have been, and continue to be, denied the opportunity to

13  take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7,

14  512 and IWC Wage Order No. 4-2001, § 11.

15     45.    DEFENDANTS violated, and continue to violate California Labor Code § 226.7

16  and IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS

17  MEMBERS who were not provided compliant meal periods, in accordance with the applicable

18  Wage Order, one additional hour of compensation at each employee's regular rate of compensation

19  for each work day that a meal period was not provided.

20     46.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and

21  CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages

22  and lost interest, in an amount according to proof at trial, and are entitled to recover economic and

23  statutory damages and penalties and other appropriate relief as a result of DEFENDANTS' Labor

24  Code and Wage Order violations.

25  ///

26  ///

27  ///

28  ///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-                    PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

**FOURTH CLAIM FOR RELIEF**

**Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7; IWC Wage Order No. 4-2001, § 12]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

48.     During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required under California Labor Code § 226.7, and IWC Wage Order No. 4-2001, § 12. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly were, have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7, and IWC Wage Order No. 4-2001, § 12.

49.     For example, as with meal periods, PLAINTIFF and CLASS MEMBERS were and continue to be denied full, timely, and uninterrupted rest breaks, due to the demands of patient care or otherwise fulfilling their job duties. PLAINTIFF and CLASS MEMBERS were not fully relieved of duties or employer control during their breaks, being required to work into or through their breaks to fulfill their job duties with patients for example, being required to skip meal periods in order to meet patient scheduling demands, or similarly, having to take an interrupted meal period when they were called back to their job when assistance was needed or when a patient was scheduled—even if it shortened their break. Additionally, at times, PLAINTIFF would work through whatever break she might have in order to meet scheduling and patient-charting demands.

50.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 4-2001, § 12.

51.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

52.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## FIFTH CLAIM FOR RELIEF

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Lab. Code § 2802]**

**(Against all DEFENDANTS)**

53.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

54.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

55.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANT in violation of California Labor Code § 2802.

56.     For example, PLAINTIFF and CLASS MEMBERS were forced to attend mandatory training sessions. DEFENDANTS did not compensate them for the time and expenses spent attending the training.

57.     Additionally, for example, PLAINTIFF and CLASS MEMBERS were required to use their personal cell phones in direct connection with their work, for example for work assignments or for communicating with supervisors and managers, but at their own expense. PLAINTIFF and CLASS MEMBERS also had to use their personal laptops, without reimbursement, in direct connection with their job duties, such as completing patient charting or training modules.

58.     As a proximate result of DEFENDANTS' unlawful actions and omissions,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## SIXTH CLAIM FOR RELIEF

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Lab. Code §§ 226; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

59.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

60.     As described herein, DEFENDANTS did not accurately record hours worked by PLAINTIFF and others similarly situated. For example, DEFENDANTS did not accurately record training time, or hours worked during missed breaks, or hours worked off of the clock.

61.     As a result, during the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

62.     During the CLASS PERIOD, when PLAINTIFF and other CLASS MEMBERS performed work off-the-clock without compensation, DEFENDANTS provided PLAINTIFF and other CLASS MEMBERS with wage statements that did not accurately show the total hours worked or the gross or net wages earned.

63.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

64.     During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statements along one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

65.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

### SEVENTH CLAIM FOR RELIEF

**Failure to Maintain Required Records**

**[Cal. Lab. Code §§ 226, 1174; IWC Wage Order No. 4-2001, § 7]**

**(Against all DEFENDANTS)**

66.    PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

67.    As described herein, DEFENDANTS did not accurately record all hours worked by PLAINTIFF and CLASS MEMBERS. DEFENDANTS did not record additional hours worked by PLAINTIFF and CLASS MEMBERS, including without limitation training time, hours worked during meal and rest breaks, and off-the-clock. As a result, DEFENDANTS therefore did not maintain accurate records of the hours worked by their hourly, non-exempt employees, as required by California law.

68.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 4-2001, § 7, including, but not limited to, the following records: total daily hours worked by each employee; applicable rates of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

69.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

### EIGHTH CLAIM FOR RELIEF

**Failure to Pay Timely Wages During Employment**

**[Cal. Lab. Code § 204]**

**(Against All DEFENDANTS)**

70.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

71.     Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month. In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

72.     As alleged herein, PLAINTIFF and CLASS MEMBERS often worked more than eight (8) hours per day or forty (40) hours per week. However, PLAINTIFF and CLASS MEMBERS were not properly paid for those hours worked, partially or at all.

73.     As alleged herein, among other hours worked and not fully compensated, PLAINTIFF and CLASS MEMBERS were also not paid for mandatory training time or for time spent attending mandatory trainings.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

74.     As alleged herein, PLAINTIFF and CLASS MEMBERS were also not compensated for late, missed, interrupted, or otherwise non-compliant meal and/or rest breaks.

75.     As alleged herein, PLAINTIFF and CLASS MEMBERS were not compensated for off-the-clock work that they were required, suffered, or permitted to perform.

76.     Consequently, during the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as required by California Labor Code § 204.

77.     Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

78.     DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANT, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**NINTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Lab. Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

79.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

80.     Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-19-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

81.     Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

82.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

83.     As alleged herein, DEFENDANTS did not, among other things, fully compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their employment or compensate employees for necessarily incurred business expenses. This unpaid compensation includes without limitation training time, business-related expenses, time spent working off-the-clock, and compensation owed due to meal and rest breaks. DEFENDANTS further did not pay PLAINTIFF and CLASS MEMBERS all wages due and owing on separation of employment, as such compensation remained due and owing and was not paid within the time required by California law.

84.     Thus, during the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

85.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

86.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-20-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

**TENTH CLAIM FOR RELIEF**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]**

**(Against all DEFENDANTS)**

87.　　PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

88.　　Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including, but not limited to, DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay wages during employment, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code §§ 17200, *et seq*.

89.　　DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF, CLASS MEMBERS and the general public.

90.　　DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

91.　　As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-21-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

92.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court.

## ELEVENTH CLAIM FOR RELIEF

### Enforcement Action Under the Private Attorneys General Act of 2004

### [Cal. Lab. Code §§ 2698–2699.5]

### (Against all DEFENDANTS)

93.     PLAINTIFF incorporates all facts alleged above as if fully set forth herein.

94.     PLAINTIFF is an "aggrieved employees" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANTS and alleged violations of the California Labor Code were committed against PLAINTIFF.

95.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq*., PLAINTIFF seeks to recover civil penalties, including, but not limited to, penalties under California Labor Code §§ 2699, 210, 225.5, 226.3, 1174.5, 1197.1, 1199, and IWC Wage Order No. 4-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including, but not limited to, violations of California Labor Code §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, 2802 and any other provisions that may be brought upon the allegations in this complaint. PLAINTIFF is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

96.     Pursuant to California Labor Code § 2699.3, PLAINTIFF gave written notice by

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-22-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

online filing with the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders PLAINTIFF alleges DEFENDANTS have been violated along with the facts and theories supporting the alleged violations. PLAINTIFF'S notice to the LWDA was accompanied by PLAINTIFF'S payment of $75.00 filing fee. Because the LWDA did not provide PLAINTIFF with notice of its intent to investigate the alleged violations in the 65 calendar days that have lapsed, PLAINTIFF have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action against DEFENDANTS on behalf of herself and other similarly aggrieved employees of DEFENDANT. Therefore, PLAINTIFF have complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated and aggrieved, respectfully prays for relief against DEFENDANT and DOES 1 through 50, inclusive, and each of them, as follows:

1.      For compensatory damages in an amount to be ascertained at trial;

2.      For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANT;

3.      For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4.      For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.      For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.      For waiting time penalties pursuant to California Labor Code § 203;

7.      For statutory and civil penalties according to proof, including, but not limited to, all penalties authorized by the California Labor Code §§ 226(e) and 2699;

8.      For interest on the unpaid wages at 10% per annum pursuant to California Labor

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-23-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.      For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.      For declaratory relief;

11.      For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as a class action;

12.      For an order appointing PLAINTIFF as a class representative and PLAINTIFF'S counsel as class counsel; and

13.      For such further relief that the Court may deem just and proper.


DATED: April 20, 2020

Respectfully submitted,

**MATERN LAW GROUP, PC**


By:   */s/ Sara B. Tosdal*
_____

Matthew J. Matern
Joshua D. Boxer
Sara B. Tosdal
Attorneys for Plaintiff
JULIE SAMORA, individually and on behalf
of other persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-24-

PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED: April 20, 2020                         Respectfully Submitted,

                                              **MATERN LAW GROUP, PC**

                                              By: _/s/Sara B. Tosdal_
                                                  MATTHEW J. MATERN
                                                  JOSHUA D. BOXER
                                                  SARA B. TOSDAL

                                                  Attorneys for Plaintiff JULIE SAMORA
                                                  individually and on behalf of others similarly
                                                  situated and aggrieved

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-25-                         PLAINTIFF'S FIRST AMENDED COMPLAINT
5:20-CV-02027-BLF