**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIE SAMORA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHASE DENNIS EMERGENCY MEDICAL GROUP, INC, et al.,<br><br>  Defendants. | Case No.  20-cv-02027-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Before the Court is Plaintiff's motion for leave to file a second amended complaint. ECF No. 59 ("Motion"); *see also* ECF No. 65 ("Reply"). Plaintiff seeks to amend her complaint to add Tiana Beard as an additional named class representative. Defendants oppose the motion, arguing that Plaintiff cannot show good cause for adding Ms. Beard and that the amendment doesn't relate back to the original pleading. ECF No. 62 ("Opp."). The Court previously found this motion suitable for disposition without oral argument and vacated the hearing. *See* ECF No. 66. For the following reasons, the Court GRANTS the motion.

**I.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* R. 15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which

established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  A party seeking to amend a scheduling order must show "good cause" for such relief.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15."  *Rodarte v. Alameda Cty.*, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15."  *Johnson*, 975 F.2d at 609.  "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.*  Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

## II.  DISCUSSION

Because the Court's case management order set the last day to amend the pleadings as September 21, 2020, ECF No. 31, Plaintiff must meet the good cause standard of Rule 16(b) to justify amendment.  *See Johnson*, 975 F.2d at 607–08.  Finding good cause, the Court then examines whether the *Foman* factors favor amendment.

### A.  Rule 16:  Good Cause

Plaintiff argues that she meets the "good cause" standard because Ms. Beard did not have counsel until June 2021, and that Plaintiff then immediately sought Defendants' consent to add Ms. Beard before filing this motion.  Reply at 3.  Defendants argue that Plaintiff's attempt to amend almost two years after the filing of the original complaint demonstrates her lack of diligence.  Opp. at 2.

Plaintiff has established good cause to file an amended complaint.  It is undisputed that Ms. Beard did not obtain counsel until June 2021, and Plaintiff immediately sought to negotiate

with Defendants an agreement to add her as a named class representative. Reply at 3. Plaintiff says that after the parties proceeded with discovery on Ms. Beard, she again sought a stipulation with Defendants, but that they could not reach agreement. *Id.* Once it became clear that no agreement would be reached, Plaintiff filed this motion. *Id.* The Court will not penalize Plaintiff for attempting to get Defendants' consent to add Ms. Beard before filing a motion with the Court, particularly where it appears that both parties proceeded in good faith in exchanging discovery specifically regarding Ms. Beard. Given that process, the Court finds that Plaintiff acted diligently in pursuing amendment once Ms. Beard obtained counsel, so there is good cause to allow amendment.

### B. Rule 15: *Foman* Factors

Having found good cause for amendment, the Court now evaluates whether amendment is warranted under Rule 15(a). *Rodarte*, 2015 WL 5440788, at *2. The Court considers the four *Foman* factors in turn: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi*, 2010 WL 5174013, at *2.

First, the Court does not find any bad faith or undue delay by Plaintiff in pursuing amendment. As recounted above, once Ms. Beard obtained counsel, Plaintiff diligently sought a stipulation with Defendants to add her and engaged in discovery specifically regarding Ms. Beard. Once it became clear that the parties could not reach an agreement, Plaintiff filed this motion. Defendant does not provide any concrete allegations that suggest the amendment was brought in bad faith.

Second, the Court does not find that Defendants will suffer undue prejudice from amendment. As Plaintiff states, Ms. Beard's claims overlap with Plaintiff's claims—Ms. Beard seeks to assert every claim made by Plaintiff except Plaintiff's PAGA claim. Reply at 5. Plaintiff's proposed amended complaint does not add any additional claims or theories. Motion at 6. The parties have already exchanged discovery on Ms. Beard, and Defendants already deposed her last month. *Id.* Plaintiff's motion for class certification is already pending, but the motion discusses Ms. Beard's claims, so Defendants have the full benefit of their briefing time to respond

1    to them and adequate time to prepare for the hearing in four months.  Finally, trial is not for over a

2    year, so Defendants cannot claim prejudice to their trial preparation.

3        Finally, the Court does not find that the amendments are futile.  Plaintiff seeks to add Ms.

4    Beard because she is a non-clinical, hourly, non-exempt employee, unlike Plaintiff.  Plaintiff

5    argues that this avoids a potential problem with her own adequacy to represent that type of

6    employee, who was also allegedly subjected to the same wage and hour violations employed by

7    Defendants during the class period.  Motion at 8.  Defendants do not directly address this

8    argument.  Whether Plaintiff is correct on this adequacy argument is not for the Court to decide

9    now.  It suffices to say that the Court cannot find that it is completely certain that "no set of facts

10   can be proved under the amendment" that would allow Ms. Beard to be a named plaintiff.

11   *Utterkar v. Ebix, Inc.*, 2015 WL 5027986, at *4 (N.D. Cal. Aug. 25, 2015) (quoting *Miller v.*

12   *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  The amendment is thus not futile.

### C.   Relation Back

Although not squarely within the factors under Rules 15 and 16 discussed above,
Defendants also argue that Ms. Beard should not be added as a class representative because her
claims cannot "relate back" to the original complaint in this case under Rule 15(c).  Opp. at 4-6.
Defendants say that Ms. Beard seeks to circumvent the applicable statute of limitations that limits
her claims to four years before filing an amended complaint, which would not extend back to
February 7, 2016 (the putative class period asserted in the operative complaint).  Opp. at 5.
Plaintiff asserts that Ms. Beard's claims do relate back to the original pleading.  Reply at 5.

It is not clear that the Court need reach the relation back doctrine.  "The commencement of a class action tolls the applicable statute of limitations for all members of the class 'until class certification is denied.'" *Tosti v. Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)); *see also American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-56 (1974).  The court has not denied a motion for class certification, and Defendants admit that Ms. Beard is a member of the putative class, Opp. at 2, so the filing of this class action tolled the statute of limitations on Ms. Beard's claims as long as they were asserted in the operative pleading.  Plaintiff says, and Defendant does not contest, that Ms.

4

Beard's claims are encompassed in the existing pleading, which involves a class period from February 7, 2016 to February 7, 2020. Motion at 6. Accordingly, the Court sees no statute of limitations issue such that the amendment must relate back.

Nevertheless, because Plaintiff did not raise that argument, the Court finds that if the statute of limitations were an issue, the amendment would relate back. "An amendment adding a party plaintiff related back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 857 (9th Cir. 2002) (elevating putative class member to class representative where putative class member fell within original complaint's definition of the class). The relation back doctrine is "liberally applied" under Rule 15(c). *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

The Court concludes that these elements are met. First, Defendants have had adequate notice of the claims of Ms. Beard. Plaintiff first sought to add Ms. Beard months ago, and Ms. Beard asserts a narrower set of causes of action than Plaintiff does—all of which overlap. Ms. Beard is also part of the putative class asserted in the operative pleading. Regardless of whether a class including Ms. Beard (without someone in her job position as a named class representative) is certifiable under Rule 23, Defendants are on notice of Ms. Beards' claims because of her inclusion in the putative class. *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 WL 2860318, at *2 (N.D. Cal. June 23, 2014) (granting leave to add class representative because class representative was within putative class in previously operative pleading). Second, the Court has already found that the amendment will not unfairly prejudice Defendants. Finally, the Court concludes that there is an "identity of interests" between Plaintiff and Ms. Beard such that their claims arise out of the same conduct, transaction, or occurrence. Plaintiff alleges that she and Ms. Beard faced the same unlawful wage and hour practices and that their claims would be proven by the same type of evidence, regardless of the difference in type of position they held at the company. Reply at 6. Thus, the "circumstances giving rise to the claim remain[] the same as under the original

complaint" and there is an identity of interests. *Immigrant Assistance*, 306 F.3d at 858. Accordingly, the amendment relates back to the original pleading.

*   *   *

Defendants have every right to contest Ms. Beard's suitability as a class representative on the merits in opposition to class certification. But Plaintiff has met the standard for filing an amended complaint to add Ms. Beard as a named class representative at this juncture.

For those reasons, Plaintiff's motion for leave to file a second amended complaint is GRANTED. Plaintiff shall promptly file the Second Amended Complaint as a separate entry on the docket. This order does not affect the briefing schedule on the pending motion for class certification, which is set for hearing on March 3, 2022. ECF No. 58.

**IT IS SO ORDERED.**

Dated: November 15, 2021

_____
BETH LABSON FREEMAN
United States District Judge