**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIE SAMORA, et al., <br><br>               Plaintiffs, <br><br>     v. <br><br>CHASE DENNIS EMERGENCY MEDICAL GROUP, INC, et al., <br><br>               Defendants. | Case No. 20-cv-02027-BLF <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** <br><br>[Re: ECF No. 100] |

This order addresses Class Counsel's request for attorneys' fees in connection with the final approval of a supplemental class action settlement in this matter. A separate order will address final approval of the supplemental class action settlement. For the reasons stated below, the request for attorneys' fees is GRANTED IN PART and DENIED IN PART.

The Court previously granted $1,372,000 in attorneys' fees on the initial settlement, which represented 28% of the initial common fund of $4,900,000 and a 2.64 multiplier of the initial lodestar. ECF No. 83 ("Initial Fee Order"). Class Counsel now requests an additional $1,072,161.75 in fees. ECF No. 100 ("Mot.") at 1. Class Counsel states that this constitutes 28% of the Supplemental Gross Settlement Amount of $3,902,926.97, but it actually constitutes 28% of the $3,829,149.10 Supplemental Gross Settlement Amount that the Court preliminarily approved. *See id.* For purposes of this Order, the Court will use the $3,829,149.10 amount, which Class Counsel uses in its Reply brief. *See* ECF No. 102. Class Counsel provides that the fee award would result in a 3.98 multiplier on the total lodestar in the case. *Id.* at 15-16. Defendants oppose the motion. ECF No. 101 ("Opp.").

"Where a settlement produces a common fund for the benefit of the entire class," as here,

"courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to determine the reasonableness of attorneys' fees. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Under the percentage-of-recovery method, the attorneys are awarded fees in the amount of a percentage of the common fund recovered for the class. *Id.* Courts applying this method "typically calculate 25% of the fund as the benchmark for a reasonable fee award, providing adequate explanation in the record of any special circumstances justifying a departure." *Id.* (internal quotation marks omitted). However, "[t]he benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Relevant factors to a determination of the percentage ultimately awarded include: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *Tarlecki v. bebe Stores, Inc.*, No. C 05–1777 MHP, 2009 WL 3720872, at *4 (N.D. Cal. Nov. 3, 2009).

Under the lodestar method, attorneys' fees are "calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Bluetooth*, 654 F.3d at 941. This amount may be increased or decreased by a multiplier that reflects factors such as "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 941-42 (quoting *Hanlon*, 150 F.3d at 1029).

In common fund cases, a lodestar calculation may provide a cross-check on the reasonableness of a percentage award. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002). Where the attorneys' investment in the case "is minimal, as in the case of an early settlement, the lodestar calculation may convince a court that a lower percentage is reasonable." *Id.* "Similarly, the lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted." *Id.* Thus, even when the primary basis of the fee award is the

1  percentage method, "the lodestar may provide a useful perspective on the reasonableness of a
2  given percentage award." *Id.* "The lodestar cross-check calculation need entail neither
3  mathematical precision nor bean counting . . . [courts] may rely on summaries submitted by the
4  attorneys and need not review actual billing records." *Covillo v. Specialtys Cafe*, No. C–11–
5  00594–DMR, 2014 WL 954516, at *6 (N.D. Cal. Mar. 6, 2014) (quoting *In re Rite Aid Corp. Sec.*
6  *Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005)).

Because there is a common fund, the Court will apply the percentage-of-recovery method. The Court finds it is proper to consider the entire common fund, including both the initial and supplemental settlements. The Ninth Circuit benchmark for fees is 25%. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Although the class members clearly benefit from significant payments here, the Court finds that no more than the benchmark fee is warranted. The initial common fund was $4,900,000 and the supplemental settlement amount is $3,829,149.10, for a total of $8,729,149.10. *See* Mot. at 1. Class Counsel is entitled to 25% of this amount in fees, which comes to $2,182,287.28.

The lodestar cross check shows fees for 900.4 hours of attorney and paralegal time equaling $614,761 in fees. Mot. at 10. The Court is satisfied that the number of hours expended on the case was reasonable and Class Counsel's hourly rates are in line with fee awards in this District for attorneys of equal experience and quality. The $2,182,287.28 total fee award with a total lodestar of $614,761 would result in a multiplier of 3.55, which is appropriate. *See Sheikh v. Tesla, Inc.*, No. 17-cv-02193-BLF, 2018 WL 5794532, at *8 (N.D. Cal. Nov. 2, 2018) ("Multipliers of 1 to 4 are commonly found to be appropriate in common fund cases." (quoting *Aboudi v. T-Mobile USA, Inc.*, No. 12-cv-2169 BTM NLS, 2015 WL 4923602, at *7 (S.D. Cal. Aug. 18, 2015))).

The Court finds it proper to grant a total of $2,182,287.28 in fees for this case. Class Counsel has already received $1,372,000 in fees. *See* Initial Fee Order at 2. Class Counsel is therefore entitled to an additional $810,287.28 in fees.

//
//

Accordingly, the request for attorneys' fees is GRANTED IN PART and DENIED IN PART. Class Counsel are AWARDED $810,287.28 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: August 4, 2023

_____
BETH LABSON FREEMAN
United States District Judge