1  **MATERN LAW GROUP, PC**
   Matthew J. Matern (SBN 159798)
2  Email: mmatern@maternlawgroup.com
   Joshua D. Boxer (SBN 226712)
3  Email: jboxer@maternlawgroup.com
   1230 Rosecrans Avenue, Suite 200
4  Manhattan Beach, California 90266
   Telephone: (310) 531-1900
5  Facsimile:  (310) 531-1901

6  **MATERN LAW GROUP, PC**
   Sara B. Tosdal (SBN 280322)
7  Email: stosdal@maternlawgroup.com
   1330 Broadway, Suite 436
8  Oakland, California 94612
   Telephone: (510) 227-3998
9  Facsimile:  (310) 531-1901

10 Attorneys for PLAINTIFFS
   JULIE SAMORA and TIANA BEARD,
11 individually and on behalf of others similarly
   situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SAMORA and TIANA BEARD, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE DENNIS EMERGENCY MEDICAL GROUP, INC., a California Corporation; TEAM HEALTH HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50,<br><br>Defendants. | Case No. 5:20-cv-02027-BLF<br><br>**[PROPOSED]** **FINAL JUDGMENT FOLLOWING SUPPLEMENTAL SETTLEMENT**<br><br>Date:        August 3, 2023<br>Time:       9:00 a.m.<br>Courtroom:  3 – 5th Floor<br><br>Action Filed: February 7, 2020<br>Removal Filed: March 23, 2020<br>FAC Filed: April 20, 2020<br>SAC Filed: November 16, 2021 |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE
STE 200
MANHATTAN BEACH, CA
90266

1                    [PROPOSED] FINAL JUDGMENT

## [PROPOSED] FINAL JUDGMENT

This matter came before the Court for a hearing on Plaintiffs' Motion for Final Approval of Supplemental Class Action Settlement. Due and adequate notice having been given to Class Members as required by the Court's April 13, 2023 Order Granting Preliminary Approval (Dkt. 96), and the Court having considered all papers filed and proceedings herein, and having received no objections to the settlement, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Addendum to the Joint Stipulation of Class Action Settlement and Release of Claims ("Addendum") filed in this Action.

2. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3. The Supplemental Notice of Class Action Settlement fully and accurately informed the Omitted Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Omitted Class Members; and complied fully with the laws of the United States of America and due process. The class notice fairly and adequately described the settlement and provided Omitted Class Members with adequate instructions and a variety of means to obtain additional information.

4. Omitted Class Members were given a full opportunity to participate in the Final Approval hearing, and all Omitted Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Omitted Class Members who did not timely and properly opt-out of or request exclusion from the settlement are bound by this Judgment.

5. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2   [PROPOSED] FINAL JUDGMENT

investigation conducted by Class Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

6. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

7. Accordingly, the Court hereby approves the settlement as set forth in the Addendum and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Addendum. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Omitted Class Members with fair and adequate relief.

8. The Supplemental Settlement is approved with respect to all persons who were employed in hourly, non-exempt positions at Defendants' facilities in the State of California at any time during the time period from February 7, 2016 through February 22, 2022 who did not receive payment under the prior settlement distribution.

9. Plaintiffs Julie Samora and Tiana Beard (collectively, "Plaintiffs") are suitable representatives and are hereby appointed the representatives for the Settlement Class. The Court finds that Plaintiffs' investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that Plaintiffs' interests are aligned with those of the Settlement Class.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3    [PROPOSED] FINAL JUDGMENT

10. The Court finds that the attorneys at Matern Law Group, PC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that this law firm satisfies the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints them counsel for the Settlement Class.

11. The Court approves settlement administration costs and expenses to be paid from the Supplemental Gross Settlement Amount in the amount of $6,000 to Phoenix Class Action Administration Solutions.

12. The Court finds that the Settlement Agreement's payment of $188,233.06 to the California Labor Workforce Development Agency ("LWDA") is appropriate and awards such payment to the LWDA to be paid from the Supplemental Gross Settlement Amount.

13. The Court finds that Class Counsel's request for attorneys' fees in the amount of $1,072,161.75 which is 28% of the Supplemental Gross Settlement Amount, is reasonable under the lodestar method and as a percentage of the common fund. The Court finds that the number of hours Class Counsel spent prosecuting this Action is reasonable and Class Counsel's hourly rates are reasonable and in line with rates prevailing in the community. The Court awards Class Counsel $1,072,161.75 in attorneys' fees to be paid from the Supplemental Gross Settlement Amount.

14. Defendant shall pay Omitted Class Members pursuant to the procedure described in the Settlement Agreement.

15. Defendants shall separately pay their share of payroll taxes in addition to the Gross Settlement Amount.

16. All Omitted Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Omitted Settlement Class wishing to be heard have been heard. Members of the Omitted Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Addendum and of the Court's Order shall be forever binding on all Omitted Class Members who

did not timely and properly opt out of the settlement. These Omitted Class Members have released and forever discharged the Defendants for any and all Released Claims.

17. Without affecting the finality of this Judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties, including all Class Members, for purposes of enforcing the terms of the Judgment entered herein.

18. The Court hereby enters judgment for Plaintiffs and the Omitted Class Members in accordance with the terms of the Addendum.

19. This Judgment is intended to be a final disposition of the Action and is intended to be immediately appealable.

20. The Court directs that a judgment shall be entered in accordance with the terms of this Judgment.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED: August 4, 2023

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5    [PROPOSED] FINAL JUDGMENT